IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JASON BOWEN                                                                    PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:07cv48-DCB-MTP

CONSTANCE REESE, Warden F.C.I.                                            RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner, Bowen, an inmate currently incarcerated at the Federal Correctional Institute, Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on March 5, 2007. As directed, Petitioner filed a response [5] on June 5, 2007, to the order [4] of May 4, 2007.

Background

While incarcerated at Camp Millington in Memphis, Tennessee, Petitioner states that he was housed in the Special Housing Unit (SHU) as a result of a prison official "having a fellow inmate . . . . plant drugs in [the petitioner's] cubicle." (Pet. p. 4). Petitioner also alleges that he was subjected to and engaged in sexually activity and behavior with several officers at Camp Millington which violated Petitioner's constitutional rights. Petitioner presents the following as his ground upon which he is requesting habeas relief: "Bowen[']s fact and duration of confinement was unlawful because of the activities of his captors." (Pet. p. 4). As relief, the petitioner is requesting to be immediately released from custody.

In his response [5], Petitioner states that he is challenging the duration of his confinement in SHU while incarcerated at Camp Millington-Memphis, Tennessee. Petitioner further states that he did not receive a disciplinary hearing for the drugs that were alleged to have been "planted" in his cubicle. (Resp. p.1).

Analysis

Initially, there must be a determination whether the instant § 2241 habeas is properly before this court. Clearly, a petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). However, "habeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976). The United States Court of Appeals for the Fifth Circuit in Pierre went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." Id. at 935-36.

Having reviewed the record, this court finds that the ground presented by the petitioner relating to his confinement in SHU at Camp Millington-Memphis, Tennessee, because of prison officials allegedly "having a fellow inmate . . . . plant drugs in [the petitioner's] cubicle" and other activities alleged in his petition clearly challenge the conditions of his confinement, *i.e.,* being housed in SHU and/or the incidents to his daily routine at Camp Millington. The issue presently before this court does not relate to a claim of early release from his incarceration with the Bureau of Prisons. Therefore, the petitioner cannot maintain this habeas petition filed pursuant to 28 U.S.C. § 2241.

Moreover, the United States Court of Appeals for the Fifth Circuit in addressing habeas petitions filed by federal inmates requesting injunctive relief, such as relief sought by the petitioner, regarding the conditions of their confinement has consistently stated that habeas review is not an available remedy in this situation. See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993); Hernadez v. Garrison, 916 F.2d 291, 292-03 (5th Cir.1990).

## Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief on grounds which attack the conditions of his confinement. The remedy pursuant to a § 2241 writ of habeas corpus is not the proper forum to assert these allegations. Therefore, the instant petition is denied and dismissed with prejudice for this Court's lack of jurisdiction to consider this § 2241 petition and without prejudice so that the petitioner may present his conditions of confinement claims in the proper manner.

SO ORDERED this the  5th  day of November, 2007.

                                          s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE