IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JASON BOWEN                                                                                          PETITIONER

VERSUS                                                          CIVIL ACTION NO. 5:07cv48DCB-MTP

CONSTANCE REESE, Warden FCI-Yazoo                                              RESPONDENT

ORDER DENYING PETITIONER'S MOTION TO
ALTER OR AMEND JUDGMENT AND MOTION TO RECONSIDER

BEFORE THE COURT is the Petitioner's Motion to Alter or Amend Judgment and Motion for Reconsideration [8 & 9] filed November 16, 2007, in this cause. Since the motion was filed within 10 days of the judgment, this Court finds that it is filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE. Petitioner moves the Court to reconsider the final judgment [7] of dismissal entered on November 7, 2007. Having considered the issues raised in the motion, the Court finds that the motion is not well-taken and should be denied.

The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, a district court should consider the following non-inclusive factors: (1) the reasons for the petitioners' default; (2) the importance of the evidence to the petitioners' case; (3) whether the evidence was available to the petitioners before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. Sturges v. Moore, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the

grounds for such a motion. Atkins v. Marathon LeTorneau Co., 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

After consideration of the above listed factors and relevant case law, the Court finds that the Petitioner's motion for reconsideration [8 & 9] should be denied. Petitioner has failed to offer any evidence or arguments that were not initially available to him at the time his petition was filed. Moreover, this Court is not persuaded by the petitioner's argument based on Preiser v. Rodriguez, 411 U.S. 475, 486 (1973) (citing In Re Bonner, 151 U.S. 242 (1894); Humphrey v. Cady, 405 U.S. 504 (1972)). Additionally, Petitioner's motion [8 & 9] for the most part merely expresses disagreement with the ruling of the Court and merely asserts the same claims as stated in his petition for habeas relief filed pursuant to 28 U.S.C. § 2241.[1] As stated in the Memorandum Opinion [6] filed November 7, 2007, Petitioner's allegation that he was incarcerated in the wrong prison because he was placed in S.H.U. at Camp Millington simply does not present a ground upon which § 2241 habeas relief can be granted.[2] This Court has thoroughly reviewed the instant motion, Petitioner's § 2241 habeas petition together with his response [5] and has determined that the correct legal finding was issued in this cause. The Petitioner has failed to meet the requisite legal standard for the

---

[1]This Court does find, however, that even if the instant motion was granted this habeas request would still be denied because this habeas request is moot since the Petitioner was no longer housed in S.H.U. at Camp Millington when he filed the instant habeas request. See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); Peck v. Mortimer, 650 F.2d 929, 930 (8th Cir. 1981).

[2]This Court notes that Petitioner states in his motion [8 & 9] that he has filed a separate civil lawsuit in the United States District Court - Memphis, Tennessee, challenging the conditions of confinement.

Court to grant a motion to reconsider.[3]

IT IS HEREBY ORDERED that the Petitioner's Motion to Alter and Amend Judgment and Motion for Reconsideration [8 & 9] filed November 16, 2007, should be and are hereby **DENIED.**

This the  27th  day of November, 2007.

                                            s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE

---

[3] In an effort to be exhaustive, the Court has also considered the petitioner's motion under Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE and determined that the motion should likewise be denied. See Texas A&M Research Found. v. Magna Transportation Inc., 338 F.3d 394, 400 (5th Cir. 2003).